IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 16-631-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background.** Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 convictions for first and second degree unlawful sexual intercourse. (D.I. 1) The application asserts one claim alleging that defense counsel provided ineffective assistance by failing to file a direct appeal. (D.I. 1 at 6)

2. **Standard of Review.** Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re*

*Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

3. **Discussion.** Petitioner has already requested, and has been denied, habeas relief with respect to the same 1993 convictions challenged in the instant application. *See Thomas v. Snyder,* 2001 WL 1297812 (D. Del. Oct. 3, 2001). In 2001, the Honorable Gregory M. Sleet denied as time-barred petitioner's first application challenging his 1993 convictions, which constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications. *See Murray v. Greiner,* 394 F.3d 78, 80 (2d Cir. 2005). Petitioner could have, but did not, raise in his first application the ineffective assistance of counsel claim presented in this proceeding. Therefore, the court concludes that the instant application constitutes a second or successive habeas application for § 2244 purposes. *See Benchoff,* 404 F.3d at 817-18.

4. The record reveals that petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. § 2244(b)(1). Accordingly, the court will dismiss the instant application for lack of jurisdiction. *Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

5. The court will also decline to issue a certificate of appealability, because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997);

3d Cir. L.A.R. 22.2 (2011).

6. **Conclusion.** For the above reasons, the court will dismiss the pending application as second or successive. A separate order shall issue.

Dated: January 23, 2017

_____
UNITED STATES DISTRICT JUDGE

3