IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. THOMAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 16-631-GMS |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**I.     INTRODUCTION**

In 1993, Thomas pled guilty to first and second degree unlawful sexual intercourse, and he was sentenced to life in prison plus twenty years. (D.I. 1-1 at 2) In 2001, this court dismissed as time-barred Thomas' first habeas petition challenging his 1993 convictions. *See Thomas v. Snyder*, 2001 WL 1297812 (D. Del. Oct. 3, 2001). In 2016, Thomas filed another habeas petition challenging his 1993 convictions, which the Honorable Sue L. Robinson dismissed on January 23, 2017 for lack jurisdiction because it was an unauthorized second or successive habeas petition. (D.I. 3; D.I. 4)

On February 1-2, 2017, a hostage incident took place at the James T. Vaughn Correctional Center in Smyrna, Delaware, where Thomas is housed. The docket demonstrates that Thomas did not file a notice of appeal from the January 23, 2017 during the months of January, February, March, April, and May 2017.

Apparently, in a letter dated April 28, 2017 and sent directly to the Third Circuit Court of Appeals, Thomas inquired about the status of his appeal from the dismissal of his petition. (D.I.

5 at 3) In a letter dated May 8, 2017, the Third Circuit informed Thomas that a Court of Appeals cannot extend the time to appeal or excuse an untimely notice of appeal, and that only the District Court may grant such an extension. (D.I. 5 at 3) On June 2, 2017, Thomas filed a motion for an extension of time to file an appeal, citing Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6). (D.I. 5 at 1)

In October 2017, Thomas filed a Notice of Appeal in this court. (D.I. 6) On November 1, 2017, the Third Circuit issued an order explaining that the appeal would be held in abeyance until the disposition of Thomas'"motion to reopen the appeal pursuant to Fed. R. App. R. 4(a)(6)." (D.I. 10) On November 22, 2017, Thomas filed a Rule 60(b)(6) motion for reconsideration. (D.I. 11)

## II. MOTION TO REOPEN TIME TO APPEAL

"The taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007). In order to comply with Federal Rule of Appellate Procedure 4(a)(1)(A)'s 30 day period for filing an appeal, Thomas had to file his notice of appeal by February 23, 2017. Thomas filed his motion to reopen[1] the time file an appeal on June 2, 2017, 100 days after the last date on which he could have filed a timely appeal.

Pursuant to Federal Rule of Appellate Procedure 4(a)(6) ("Rule 4(a)(6)"), the court may grant Thomas' motion to reopen the time appeal for 14 days if: (A) Thomas did not receive notice of the dismissal of his second or successive habeas petition within 21 days after entry of

---

[1]Given the Third Circuit's characterization of Thomas' appeal request as a motion to reopen the appeal pursuant to Fed. R. App. 4(a)(6), (D.I. 10), and not also as a motion to extend the time to file an appeal pursuant to Fed. R. App. 4(a)(5), the court will treat Thomas' motion as only seeking to reopen the time to appeal under Fed. R. App. 4(a)(6).

2

the judgment of dismissal (February 14, 2017); (B) Thomas filed his motion to reopen the time to appeal within 180 days after the entry of the judgment of dismissal (July 24, 2017) or within 14 days after he received notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment of dismissal, whichever is earlier; and (C) no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6).

In this case, the memorandum and order dismissing Thomas' habeas petition was signed and entered on the docket on January 23, 2017. Eight days later, a hostage incident took place in the prison where Thomas was (and still is) housed. The prison was put on lockdown during the emergency hostage situation and remained on lockdown for an unspecified time thereafter. Given these unique circumstances, the court will presume that Thomas did not receive notice of the dismissal of his petition by February 14, 2017, thereby satisfying Rule 4(a)(6)(A).

As for Rule 4(a)(6)(B)'s requirements regarding the timing of the motion's filing, Thomas does not address, and the court cannot discern, whether he filed the motion to reopen within 14 days after receiving Fed. R. Civ. P. 77(d) notice of the dismissal of his petition.[2] However, Thomas did file his motion to reopen the time to appeal on June 2, 2017, which was well-before the July 24, 2017 expiration date for the 180 day filing period. Once again, given the extremely unique circumstances caused by the hostage situation, the court views Thomas' compliance with the 180 day filing requirement as satisfying Fed. App. Proc. R. 4(a)(6)(B).

---

[2]The Advisory Committee Note for the 2002 Amendments to Subdivision (a)(6)(B) of Rule 4 states that "only formal notice of the entry of a judgment or order under Civil Rule 77(d) will trigger the 7-day period to move to reopen the time to appeal." *See* Fed. R. App. P 4(a)(6)(B), Advisory Committee Notes. Rule 77(d) notice is satisfied if a party is "notified of a judgment or order by either the clerk or another party" within the delineated time period after entry. *Id.* The time set in Subdivision (a)(6)(B) was changed from 7 days to 14 days in 2009. *Id.*

3

Finally, Fed. R. App. Proc. 4(a)(6)(C) is satisfied, because no party will be prejudiced by granting the motion to reopen.

Based on the foregoing, the court will grant Thomas' motion to reopen the time to appeal the January 23, 2017 dismissal of his habeas petition. (D.I. 5) Since Thomas already filed a notice of appeal on October 27, 2017, the court will not direct him to file another notice of appeal.

### III. MOTION FOR RECONSIDERATION FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Additionally, when, as here, a district court is presented with a motion to reconsider after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

In his pending Rule 60(b) motion, Thomas merely reasserts the same ineffective assistance of counsel arguments he raised in his second or successive habeas petition (D.I. 1) and in his original habeas petition. *See Thomas*, 2001 WL 1297812, at *2. These arguments challenge his underlying convictions. Therefore, the court will deny the pending Rule 60(b)(6) motion because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244.

## IV. MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Having reviewed Thomas' trust fund account statement, the court will grant Thomas' motion for leave to appeal *in forma pauperis*. (D.I. 7)

## V. CONCLUSION

For the aforementioned reasons, the court will grant Thomas' motion to reopen the appeal, grant his motion for leave to proceed *in forma pauperis*, and deny his Rule 60(b)(6) motion. The court will not issue a certificate of appealability with respect to its denial of the Rule 60(b)(6) motion, because Thomas has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d

Cir. 1997); 3d Cir. LAR 22.2 (2011).  A separate order will be entered.

_Feb 5, 2016_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE